1  LYNNDA A. MCGLINN (SBN 161756)
   DORSEY & WHITNEY LLP
2  600 Anton Boulevard, Suite 2000
   Costa Mesa, CA 92626-7655
3  Telephone: (714) 800-1400

4  SHANNON L. BJORKLUND – (SBN 0389932) (pro hac vice pending)
   DORSEY & WHITNEY LLP
5  Suite 1500, 50 South Sixth Street
   Minneapolis, MN 55402-1498
6  Telephone: (612) 340-2600
   Facsimile: (612) 340-2868
7
   *Attorneys for Plaintiff*
8

9              UNITED STATES DISTRICT COURT

10             CENTRAL DISTRICT OF CALIFORNIA

11                   SOUTHERN DIVISION

12

13 | SIGMA ENTERPRISES, LLC, a limited | Case No.
   | liability company,
14 |                                    | **VERIFIED COMPLAINT**
   |              Plaintiff,
15 |
   | v.
16 |
   | ALLURING DEALS LLC d/b/a K.T.B.
17 | COSMETICS, a limited liability
   | company, and HUGO SANCHEZ, an
18 | individual; and DOES 1 through 20,
   | inclusive,
19 |
   |              Defendants.
20

21

22        Plaintiff Sigma Enterprises, LLC ("Sigma"), for its complaint against

23 Alluring Deals LLC d/b/a K.T.B. Cosmetics (together "K.T.B.") and Hugo

24 Sanchez, states and alleges as follows:

25        1.    This is an action to recover money damages and to enjoin K.T.B.'s

26 continued infringement of Sigma's intellectual property rights, including

27 infringement of Sigma's United States Patent No. D718,060 (the "'060 patent")

28 (Ex. B); infringement of Sigma's registered and unregistered marks (Ex. C); and

infringement of Sigma's copyright in the content and "look and feel" of Sigma's website, Registration Number TXu002031675 (Ex. D).  Excerpts of K.T.B.'s website compared to Sigma's website are attached as Exhibit A.

2.    Sigma also asserts federal and state claims based on K.T.B.'s wrongful business practices.

## **PARTIES**

3.    Plaintiff Sigma is a Minnesota limited liability company, with its principal place of business at 1395 Commerce Drive, Mendota Heights, Minnesota 55120.

4.    Sigma is the owner by assignment of the '060 patent and owns all existing causes of action.

5.    K.T.B. Cosmetics offers beauty supplies through its website ktbcosmetics.com.

6.    According to its website, K.T.B. Cosmetics is located in Orange County, California.  The "Contact Us" portion of the K.T.B. Cosmetics website states that K.T.B. can be found at an unidentified address in "Anaheim CA 92805 USA."  *See* https://K.T.B.cosmetics.com/contact-us/.  Other industry and sales websites provide different addresses for K.T.B. Cosmetics within this district, including 318 W. Cerritos Avenue, Anaheim, CA, and 1598 S. Anaheim Blvd., Unit B, Anaheim, CA.

7.    According to records from Los Angeles County, "K.T.B. Cosmetics" is a "fictitious business" and is the "doing business as" name for Alluring Deals LLC.  Attached as Exhibit F is a true and correct copy of the Los Angeles County business record.

8.    Alluring Deals LLC is a California corporation, with a registered address in East Los Angeles, California.  Attached as Exhibit G are true and correct copies of records from the California Secretary of State.

9.    Upon information and belief, Defendant Hugo Sanchez is a principal

1  or manager of K.T.B. and directs its activities.  Mr. Sanchez holds the trademark
2  registration for K.T.B.  Ex. E.

3       10.    Sigma employees have met Mr. Sanchez at industry trade shows,
4  where he represented K.T.B. and offered for sale infringing products.

5       11.    Upon information and belief, Mr. Sanchez resides in Orange County,
6  California.  Ex. E and is a citizen of Mexico.  *See* Ex. E.

7       12.    The true names and capacities, whether individual, corporate, associate
8  or otherwise of Defendants herein named as DOES 1 through 20, inclusive, are
9  unknown to Plaintiff, who therefore sues said Defendants by such fictitious names.
10 Plaintiff will seek leave of this court to amend its Complaint to state the true names
11 and capacities of such fictitiously named Defendants when the same have been
12 ascertained.

13      13.    Plaintiff is informed and believes, and based upon such information
14 and belief alleges, that at all times herein each of the Defendants was and now is the
15 agent, servant, employee, representative and alter ego of each of the remaining
16 Defendants, and in doing the things alleged herein, was acting within the scope of
17 his or its authority as such agent, servant, employee, representative and alter ego
18 with the knowledge, permission, consent and ratification of the remaining
19 Defendants.

## JURISDICTION AND VENUE

20
21      14.    This action arises under the Lanham Act, 15 U.S.C. § 1051 *et seq.*, the
22 Copyright Act, 17 U.S.C. § 101 *et seq.*, the Patent Act, 35 U.S.C. § 1 *et seq.*, and
23 state law.

24      15.    This Court has jurisdiction over the subject matter of this action under
25 15 U.S.C. § 1121, 17 U.S.C. § 501, 28 U.S.C. §§ 1331 and 1338(a).  The Court has
26 supplemental jurisdiction of the state law claims asserted herein pursuant to 28
27 U.S.C. § 1367(a).

28

16. The Court has personal jurisdiction over K.T.B. because, upon information and belief, its principal place of business is in Orange County, California, which is within this district and acts that form the basis of this complaint were committed in this district.

17. The Court has personal jurisdiction over Mr. Sanchez because he resides in this district and, upon information and belief, the acts that form the basis of this complaint were committed in this district.

18. Venue is proper in the Central District of California pursuant to 28 U.S.C. §§ 1391(b)-(d) and 1400(a) & (b) because Defendants reside in this district, and, upon information and belief, the acts that form the basis of this complaint were committed in this district.

## BACKGROUND

19. Sigma was formed in 2009, and initially operated an online beauty store. Sigma opened its first brick-and-mortar store in the Mall of America in Bloomington, Minnesota in 2012. Sigma's mission is to provide beauty enthusiasts with the latest innovations in cosmetics, makeup brushes, and brush care accessories. Today, Sigma has authorized retailers throughout the United States and in over 225 countries, in addition to selling its products through the www.sigmabeauty.com website.

20. Sigma's marketing leverages the power of social media. Sigma provides social media "influencers" (those with a large number of followers in a target demographic) with free samples of its products. If impressed with the results, those "influencers" will promote the product on social media. Sigma specifically targets social media outlets such as Facebook, Instagram, and YouTube.

21. Instead of creating its own unique product lines, K.T.B. has sought to capitalize on and convert for its own benefit Sigma's intellectual property and customer goodwill. K.T.B. has willfully and maliciously copied nearly every aspect of Sigma's makeup brushes: the shape and color, their patented three-line

ferrule design, and their unique and distinctive product names.  Going further, K.T.B. has even copied Sigma's marketing materials, including Sigma's copyright-protected product descriptions and Sigma's registered and unregistered trademarks. This blatant copying violates numerous federal and state laws.

22.     The harm of this blatant copying appearing on K.T.B.'s website – including copying of Sigma's patented design, trademarks, copyright-protected website descriptions, and product numbers and names – is particularly acute because Sigma relies heavily on social media for its marketing and sells a substantial number of its products via the Sigma website.

## SIGMA'S PROTECTED WEBSITE

23.     Since its founding in 2009, Sigma has operated an online beauty store through its website, www.sigmabeauty.com.

24.     The content of that website (other than customer reviews or links to external sources) is original content created by Sigma through its employees. Specifically, the product descriptions that accompany photographs of Sigma's beauty products are original content created by Sigma employees.

25.     Sigma has obtained copyright protection for its website, including the product descriptions, Registration Number TXu002031675.  A true and correct copy of the Certificate of Registration is attached as Exhibit D.

## SIGMA'S DISTINCTIVE TRADEMARKS

26.     Sigma is the registered owner of numerous U.S. Trademark Registrations for the distinctive terms it uses to describe its cosmetic products and makeup brushes, including the mark SIGMATECH, U.S. Trademark Registration No. 4818517.  True and correct copies of the certificate of registration for trademark SIGMATECH is attached hereto as Exhibit C.

27.     Sigma also owns the following unregistered trademarks: SIGMAALLOY, F84 ANGLED KABUKI, F80 FLAT KABUKI, F82 ROUND KABUKI, F88 FLAT ANGLED KABUKI, P80 FLAT PRECISION, P80

1  PRECISION FLAT, F57 EMPHASIZE CONTOUR, F23 SOFT ANGLED
2  CONTOUR, E06 WINGED LINER, F04 EXTREME STRUCTURE CONTOUR,
3  and F03 HIGH CHEEKBONE HIGHLIGHTER, among others.  These terms are
4  either inherently distinctive or have acquired distinctiveness due to Sigma's
5  extensive commercial use and promotion of products bearing these trademarks.

6       28.    SIGMAALLOY is an arbitrary mark because, although the word
7  "alloy" exists in the English language, it does not suggest or describe a significant
8  ingredient, quality, or characteristic of cosmetic brushes.

9       29.    Moreover, the letter, number, and word combinations are suggestive
10  marks because they require imagination to reach the conclusion that the nature of
11  the goods is cosmetic brushes.  The letters refer to an area of the face the brush is
12  intended for (i.e., F is face, E is eyes) or use of the brush (i.e., P is for precision)
13  and the numbering is arbitrary.

14       30.    Sigma has assigned unique letter-number designations for each of its
15  makeup brushes.  The letter corresponds to the brush type, and the brushes are
16  numbered according to the order in which Sigma released the brushes.  For
17  example, the F80 cosmetic brush is used on the face, and was released by Sigma
18  before the F82 cosmetic brush.

19       31.    The numbers have no independent or descriptive meaning, and are
20  unique to Sigma.

21       32.    The combination of letters, numbers and brush name are unique and
22  distinctive to Sigma.

23       33.    The total image and overall appearance of these brushes—including
24  non-functional design details, such as the shape and color of the brushes—identifies
25  the source of Sigma's brushes and distinguishes Sigma's products from others.

26  **K.T.B.'S WRONGFUL AND INFRINGING CONDUCT**

27       34.    Defendants have improperly used and continue to use in commerce
28  Sigma's unregistered and federally registered trademarks described above in

K.T.B.'s website content. *See* Ex. A.

35. Defendants have improperly used and continue to use in commerce Sigma's copyright-protected product descriptions to sell K.T.B. cosmetic brushes

36. For example, K.T.B. wrongfully copied Sigma's exact copyright-protected product description for the E36 Blending Brush (Ex. A at 25):

| Sigma website description | K.T.B. website description |
|---|---|
| **E36 - BLENDING BRUSH**<br><br>. . . .<br><br>The E36 Blending Brush features a soft, thin and rounded brush head. Best to blend color into the crease with precision, keeping shadow in small concentrated areas while still giving a diffused effect.<br><br>Unique Feature: Long, slightly firm bristles<br>Function: Creates precise application to the crease<br>Recommended Use: Blend powder products onto small areas of the eye. | **E36 – BLENDING BRUSH**<br><br>. . . .<br><br>The E36 Blending Brush features a soft, thin and rounded brush head. Best to blend color into the crease with precision keeping shadow in small concentrated areas while still giving a diffused effect.<br><br>. . . .<br><br>Unique Feature: Long, slightly firm bristles<br>Function: Creates precise application to the crease<br>Recommended Use: Blend powder products onto small areas of the eye |

37. As another example, K.T.B. wrongfully copied Sigma's copyright-protected website content and registered trademark SIGMATECH and unregistered trademarks F23 SOFT ANGLED CONTOUR Brush used in the description of this product on the K.T.B. website (Ex. A at 5):

| Sigma Website | K.T.B. Website |
|---|---|
| **F23 - SOFT ANGLED CONTOUR™ BRUSH**<br><br>. . . .<br><br>The F23 Soft Angled Contour™ Brush has a soft angled head made with SigmaTech® fibers. This is the must-have brush for powder bronzer and blush to achieve a gentle contour.<br><br>Unique Feature: Soft angled brush head<br>Function: Simplified bronzing<br>Recommended Use: Create an everyday contour with powder products<br><br>Benefits:<br>• Free two-year warranty on brushes!<br>• Cruelty Free<br>• Exclusive SigmaTech® Fibers | **F23 – SOFT ANGLED CONTOUR BRUSH**<br><br>. . . .<br><br>The F23 Soft Angled Contour™ Brush has a soft angled head made with SigmaTech® fibers. This is the must-have brush for powder bronzer and blush to achieve a gentle contour.<br><br>Unique Feature: Soft angled brush head<br>Function: Simplified bronzing<br>Recommended Use: Create an everyday contour with powder products<br>• Cruelty Free |

1    38.    Defendants' commercial uses are without authorization, license, or
2  permission.

3    39.    Because Defendants are using Sigma's marks to sell competing
4  cosmetic brushes and the consuming public recognizes Sigma's marks as an
5  indication that the origin of cosmetic brushes was Sigma, Defendants' use of the
6  marks is likely to cause confusion about the source of the cosmetic brushes.

7    40.    Defendants have blatantly copied Sigma's unique product
8  designations, by offering for sale their own brushes – identical or nearly identical in
9  color, shape, and use -- with identical or nearly identical product names.  Below are
10 several examples:



| Sigma F80 Brush | K.T.B. F80 Brush |
| Sigma F82 Brush | K.T.B. F82 Brush |

///
///
///
///
///



Sigma F57 Brush

K.T.B. F57 Brush

41.    K.T.B., through this blatant copying of product names, descriptions, styles, colors and trademarks, has created the same look and feel for its products. The use of this look and feel by Defendants is likely to cause confusion among ordinary consumers as to the source, sponsorship, affiliation, or approval of the brushes.  Below is one example:

| Sigma Product | K.T.B. Product |
|---|---|
|  | |

## SIGMA'S '060 PATENT AND PATENTED PRODUCTS

42.    Sigma's two founders, Rene Xavier Filho and Simone Rodrigues Oliveira Xavier, invented an ornamental design for a cosmetic brush ferrule and filed a patent application for their invention on January 14, 2013.  The application

eventually issued as the United States Patent No. D718,060 patent on November 25, 2014.  A true and correct copy of the '060 patent is attached as Exhibit B.

43.   Sigma is the assignee and sole owner of the '060 patent.

44.   The '060 patent is valid, enforceable, and currently in full force and effect.

45.   Sigma markets numerous products that contain the patented three-line ferrule design.  Two of Sigma's products that use this design are depicted here:

     

Sigma F25 Brush          Sigma F82 Brush

46.   These designs are covered by the '060 patent, which discloses and claims the ornamental cosmetic brush ferrule as shown and described, *e.g.*, in Figure 2 of the Sigma '060 patent:



FIG 2

///

47.     K.T.B. makes, uses, sells, offers for sale, and/or imports for sale in the United States cosmetic brushes featuring the patented three-line ferrule design. K.T.B.'s infringing product is a copy of Sigma's patented products.  Below are photographs of infringing products:

          

K.T.B. F25 Brush          K.T.B. F82 Brush

48.     Any ordinary observer can immediately recognize from these images, giving such attention as a purchaser usually gives, the K.T.B. brushes have appropriate substantially the same patented three-line ferrule design, and K.T.B. is clearly infringing the Sigma '060 patent.

49.     Specifically, at least the following products made, sold, offered for sale, and/or imported by Defendants include a cosmetic brush ferrule design that infringes the '060 patent: F82 ROUND KABUKI Brush and F25 TAPERED FACE Brush.

50.     The infringing products are available by K.T.B.'s website to customers throughout the United States, including customers in this district.

51.     The infringing products infringe the '060 patent, as described more fully below.

### DEFENDANTS' WILLFUL CONDUCT

52.     Defendants willfully infringed Sigma's patent and trademark rights.

53.     Defendants had actual notice of Sigma's patent and trademark rights.

54.   Sigma's website provides notice of its patent and trademark rights.

55.   In addition, Sigma specifically informed K.T.B. of its patent and trademark rights via cease-and-desist letters sent on January 25, 2017, March 2, 2017, March 30, 2017, and April 18, 2017.

56.   Defendants continued to infringe after receiving these notices.

**COUNT 1**
**COPYRIGHT INFRINGEMENT**
**(17 U.S.C. § 101, *et seq.*)**

57.   Sigma restates and incorporates by reference paragraphs 1-56 of this Complaint.

58.   The product descriptions on Sigma's website constitute an original work of authorship and copyrightable subject matter under the laws of the United States.

59.   The combination of the product descriptions, corresponding photo next to the text, layout of the text creates a certain "look and feel" for the Sigma website.

60.   Sigma is the sole owner of all exclusive rights in and to the product descriptions on its website and the corresponding Certificate of Registration.

61.   Defendants, by displaying product descriptions on the K.T.B. website that are the same or similar to Sigma's product descriptions, have copied, created derivative works of, distributed copies to the public, and/or displayed publicly Sigma's copyrighted product descriptions without the consent or authority of Sigma, thereby directly infringing Sigma's exclusive rights under the Copyright Act.

62.   Defendants have also copied the "look and feel" of the Sigma website.

63.   The foregoing acts constitute infringement of Sigma's exclusive rights in violation of the Copyright Act, 17 U.S.C. §§ 106 and 501.

64.   Defendants' actions were and are intentional, willful, wanton, and performed in disregard of Sigma's rights.

65.   Sigma is entitled to injunctive relief pursuant to 17 U.S.C. § 502.

1    Sigma has no adequate remedy at law for Defendants' wrongful conduct.

2         66.    Sigma has been and will continue to be damaged, and Defendants have

3    been unjustly enriched, by Defendants' unlawful infringement of Sigma's

4    copyrighted product descriptions in an amount to be determined at trial.

5         67.    Alternatively, Sigma is entitled to statutory damages under 17 U.S.C. §

6    504(c), which damages, for the reasons set forth above, should be enhanced in

7    accordance with 17 U.S.C. § 504(c).

8         68.    Sigma is also entitled to recover its attorney's fees and costs pursuant

9    to 17 U.S.C. § 505.

**COUNT 2**
**FEDERAL TRADEMARK INFRINGEMENT**
**(Lanham Act § 32, 15 U.S.C. § 1114)**

12        69.    Sigma restates and incorporates by reference paragraphs 1-68 of this

13   Complaint.

14        70.    Sigma owns valid trademark rights in the SIGMATECH Mark, as

15   registered with the USPTO.

16        71.    Defendants' use of the term "SIGMATECH" to describe the fibers of

17   K.T.B. cosmetic brushes on the K.T.B. website constitutes use in commerce of a

18   reproduction, counterfeit, copy, or colorable imitation of Sigma's federally

19   registered trademark in connection with the sale, offering for sale, distribution and

20   advertising of goods in violation of 15 U.S.C. § 1114.

21        72.    Defendants use in commerce of a reproduction, counterfeit, copy, or

22   colorable imitation of Sigma's federally registered SIGMATECH trademark on or

23   in connection with K.T.B.'s cosmetic brushes is likely to cause confusion, to cause

24   mistake, or to deceive.

25        73.    Defendants' acts have been willful, with full knowledge and in

26   conscious disregard of Sigma's rights in its mark and with the intent to trade off

27   Sigma's vast goodwill in its registered SIGMATECH mark.  Defendants were

28   notified of their infringement but nevertheless willfully and intentionally continued

1  to use the SIGMATECH mark.

2      74.    The intentional nature of Defendants' acts makes this an exceptional

3  case under Section 35(a) of the Lanham Act, 15 U.S.C. § 1117(a), entitling Sigma

4  to treble damages and attorney fees.

5      75.    As a result of the foregoing actions of Defendants, Defendants have

6  been unjustly enriched and Sigma has been injured and damages.  Unless the

7  foregoing alleged actions of Defendants are enjoined, Sigma will continue to suffer

8  irreparable injury and damage.

9                                  **COUNT 3**

10  **FEDERAL UNFAIR COMPETITION, FALSE DESIGNATION OF ORIGIN,
    USE OF UNREGISTERED TRADEMARK AND TRADE DRESS**

11  **(Lanham Act § 43, 15 U.S.C. § 1125(a))**

12      76.    Sigma restates and incorporates by reference paragraphs 1-75 of this

13  Complaint.

14      77.    Sigma's unregistered trademarks SigmaAlloy, F84 Angled Kabuki,

15  F80 Flat Kabuki, F82 Round Kabuki, F88 Flat Angled Kabuki, P80 Flat Precision,

16  P80 Precision Flat, F57 Emphasize Contour, F23 Soft Angled Contour, E06

17  Winged Liner, F04 Extreme Structure Contour, and F03 High Cheekbone

18  Highlighter, are inherently distinctive or have acquired a secondary meaning

19  associated with Sigma.

20      78.    Defendants unauthorized use of the names SigmaAlloy, F84 Angled

21  Kabuki, F80 Flat Kabuki, F82 Round Kabuki, F88 Flat Angled Kabuki, P80 Flat

22  Precision, P80 Precision Flat, F57 Emphasize Contour, F23 Soft Angled Contour,

23  E06 Winged Liner, F04 Extreme Structure Contour, and F03 High Cheekbone

24  Highlighter, as well as Defendants' unauthorized use of Sigma's trade dress, for

25  K.T.B.'s cosmetic brushes falsely indicates that Sigma or its agents are connected

26  with, sponsored, endorsed, authorized, or affiliated with K.T.B., or that K.T.B. is

27  connected with, sponsored, endorsed, authorized, approved by, or affiliated with

28  Sigma.

79.     Defendants use of the names SigmaAlloy, F84 Angled Kabuki, F80 Flat Kabuki, F82 Round Kabuki, F88 Flat Angled Kabuki, P80 Flat Precision, P80 Precision Flat, F57 Emphasize Contour, F23 Soft Angled Contour, E06 Winged Liner, F04 Extreme Structure Contour, and F03 High Cheekbone Highlighter, as well as Defendants' unauthorized use of Sigma's trade dress, for K.T.B.'s cosmetic brushes is likely to cause, and/or has caused, confusion, mistake, or deception as to the source or affiliation of K.T.B.'s goods.

80.     Defendants' unauthorized use of the names SigmaAlloy, F84 Angled Kabuki, F80 Flat Kabuki, F82 Round Kabuki, F88 Flat Angled Kabuki, P80 Flat Precision, P80 Precision Flat, F57 Emphasize Contour, F23 Soft Angled Contour, E06 Winged Liner, F04 Extreme Structure Contour, and F03 High Cheekbone Highlighter, as well as Defendants' unauthorized use of Sigma's trade dress, for K.T.B.'s cosmetic brushes allows Defendants to receive the benefit of Sigma's goodwill, which Sigma has established at great labor and expense, and further allows Defendants to gain acceptance of their goods and services, not based on its own quality, but on the reputation, investment, hard work, and goodwill of Sigma.

81.     The acts of Defendants constitute willful unfair competition, false designation of origin, trademark infringement, and trade dress infringement in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

82.     The intentional nature of Defendants' acts makes this an exceptional case under Section 35(a) of the Lanham Act, 15 U.S.C. § 1117(a), entitling Sigma to treble damages and attorney fees.

83.     As a result of the foregoing actions of Defendants, Defendants have been unjustly enriched and Sigma has been injured and damaged.  Unless the foregoing alleged actions of Defendants are enjoined, Sigma will continue to suffer irreparable injury and damage.

///

///

## COUNT 4
### PATENT INFRINGEMENT OF '060 PATENT

84.    Sigma restates and incorporates by reference the allegations in paragraphs 1-83.

85.    Sigma is the assignee and sole owner of the '060 patent.

86.    Defendants have infringed and continue to infringe the claim of the '060 patent by making, using, offering to sell, selling, and/or importing for sale (directly or through intermediaries), in this District and elsewhere in the United States, brushes with the patented three-line ferrule design.

87.    Sigma did not give Defendants authorization or license to make, use, offer to sell, or sell the infringing product.

88.    Sigma marked its brushes with the number of the '060 patent (see Exs. A & C) and Defendants nevertheless copied the marked products.  Moreover, Defendants received notice of their infringement by letters from Sigma dated January 25, March 2, March 30, and April 18, 2017.  Therefore, Defendants had knowledge of the '060 patent, yet willfully infringed and continue to willfully infringe the '060 patent.

89.    Defendants have actively induced infringement of the claim of the '060 patent.  Defendants have knowingly and intentionally instructed and encouraged K.T.B. customers to use the infringing product.

90.    Defendants' infringement of the '060 patent has caused and will continue to cause damage to Sigma.  Defendants' infringing acts have also caused and will continue to cause irreparable harm to Sigma for which there is no adequate remedy at law unless enjoined.

## COUNT 5
### VIOLATION OF THE UNFAIR COMPETITION LAW,
### California Business and Professions Code §17200, et. seq.

91.    Sigma restates and incorporates by reference paragraphs 1-90 of this Complaint.

92.    California Business & Professions Code Section 17200, et seq., prohibits unlawful, unfair, or fraudulent business acts or practices.

93.    In engaging in the conduct alleged more fully hereinabove, Defendants have engaged in unlawful, unfair, and/or fraudulent business acts and practices in violation of California Business & Professions Code Section 17200, et seq., including, but not limited to, misappropriation of Sigma's advertising methods, style of doing business and intellectual property.

94.    As a further consequence of Defendants' violations, Defendants have been unjustly enriched by obtaining revenue from sales obtained because of these wrongful acts.

95.    By reason of the foregoing and as a direct, foreseeable, and proximate result of Defendants' acts as alleged hereinabove, Sigma has suffered and continues to suffer damages.  Sigma seeks and is entitled to remedies available under California Business and Professions Code Section 17200, et. seq., including, but not limited to, injunctive relief and disgorgement of profits, revenues, and compensation or other payments obtained by way of the unlawful business practices alleged herein.

96.    Sigma is also entitled to reasonable attorney's fees.

## **JURY DEMAND**

97.    Sigma requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## **PRAYER FOR RELIEF**

WHEREFORE, Sigma prays that the Court grants the following relief:

A.    In favor of Sigma and against K.T.B. and Mr. Sanchez on all of Sigma's claims;

B.    Awarding Sigma a money judgment, including but not limited to compensatory and statutory damages as permitted by law, with the precise amount to be proven at trial;

| | | |
|---|---|---|
| C. | Preliminarily and permanently enjoining Defendants and each of their respective officers, agents, servants, employees, and attorneys from further infringing the '060 patent; |
| D. | Preliminarily and permanently enjoining Defendants and each of their respective officers, agents, servants, employees, and attorneys from using Sigma's trademarks or trade dress; |
| E. | Preliminarily and permanently enjoining Defendants and each of their respective officers, agents, servants, employees, and attorneys any of Sigma's copyrighted works, or any colorable imitations thereof, on or in connection with the design, manufacture, importation, advertisement, promotion, marketing, sale, or other distribution of cosmetic brushes or any other goods; |
| F. | Awarding Sigma damages for patent infringement in an amount to be determined, including enhanced damages for willful infringement, together with pre- and post-judgment interest; |
| G. | Awarding Sigma trebled damages, costs, and attorneys' fees in this action under 15 U.S.C. § 1117; |
| H. | Awarding Sigma its costs and attorneys' fees in this action under 17 U.S.C. § 505, 35 U.S.C. § 285, and/or applicable state law; |
| I. | Awarding Sigma its taxable costs and expenses; and |

///
///
///
///
///
///

1      J.              Awarding Sigma such other and further relief as the Court finds

2                           just and appropriate.

3    Dated:  June 21, 2017                  DORSEY & WHITNEY LLP

4

5                                           By: /s/ Lynnda A. McGlinn

6                                               Lynnda A. McGlinn (SBN 161756)

7                                               Shannon L. Bjorklund (*pro hac vice*
                                                pending)

8                                               *Attorneys for Plaintiff*

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT